413 F.3d 187
 CITIGROUP, INC., Salomon Smith Barney Holdings, Inc., Salomon, Inc., Plaintiffs-Counter-Defendants-Appellants,
v.
INDUSTRIAL RISK INSURERS and Westport Insurance Corporation, Defendants-Cross-Defendants-Appellees,
7 World Trade Company, L.P., Intervenor-Defendant-Counter-Claimant-Appellee.
Docket No. 04-5156-CV.
 United States Court of Appeals, Second Circuit.
 Argued: June 21, 2005.
 Decided: July 1, 2005.
 
 Mark F. Bruckmann, Bruckmann & Victory LLP, New York, N.Y. (Patrick J. Maloney, Timothy G. Church, New York, NY, on the brief), for Plaintiffs-Counter-Defendants-Appellants.
 William E. Reed, III, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA (Alan R. Miller, Peter J. Barrett, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA; Luise A. Barrack, Rosenberg & Estis, P.C., New York, NY, on the brief), for Defendants-Cross-Defendants-Appellees.
 Eric Seiler, Friedman Kaplan Seiler & Adelman LLP, New York, N.Y. (Katherine L. Pringle, Marci R. Etter, New York, NY, on the brief), for Intervenor-Defendant-Counter-Claimant-Appellee.
 Before: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.
 PER CURIAM.
 
 
 1
 In November 1988, Citigroup entered into a 20-year lease agreement with 7 World Trade Company ("7WTCLP") for twenty-four of forty-seven floors at 7 World Trade Center. The lease allocated to each party sole and exclusive responsibility for insuring its own property. It obligated Citigroup to carry insurance on "Tenant's Property," defined as property "which can be removed without jeopardizing the structural integrity of the Building" or causing "irreparable damage to ... the Building systems." It obligated 7WTCLP to carry insurance on "Landlord's Property," defined as property that cannot be removed without jeopardizing the building or its systems.
 
 
 2
 In its action, Citigroup seeks to recover under 7WTCLP's insurance policy with Industrial Risk Insurers ("IRI") for the loss of Citigroup's permanent but removable property at the rental site. For the reasons ably stated by Judge Miriam Goldman Cedarbaum, we agree with the district court that Citigroup's property was not covered under the IRI policy because 7WTCLP lacked an insurable interest in Citigroup's property and by the policy's definition, such property was not among those that were insured. See Citigroup, Inc. v. Indus. Risk Insurers, 336 F.Supp.2d 282, 288-91 (S.D.N.Y.2004).
 
 
 3
 The judgment of the district court is affirmed. With respect to Citigroup's assertion that Judge Cedarbaum raised the issue of insurable interest sua sponte, we find the argument to be completely without merit.[1]
 
 
 
 Notes:
 
 
 [1]
 We do not reach the question of whether Citigroup was, or should be considered, a loss payee under 7WTCLP's insurance policy with IRI